# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STEPHEN JOHNSON and MELISSA JOHNSON, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 2:15-cv-2533-STA-dkv |
| TRANS-CARRIERS, INC. and GORDON A. NEWSOME, Defendants. | ) ) ) ) | |

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION TO EXCLUDE

Before the Court is Plaintiffs Christopher Stephen Johnson and Melissa Johnson's Motion to Exclude Certain Testimony of Donald. R. Phillips (ECF No. 69) filed on July 15, 2016. Defendants Trans-Carriers, Inc. and Gordon A. Newsome have responded in opposition. For the reasons set forth below, Plaintiffs' Motion is **GRANTED IN PART, DENIED IN PART**.

## BACKGROUND

Plaintiffs' Complaint alleges negligence arising out of a 2015 motor vehicle accident in Memphis, Tennessee. The Complaint names as Defendants the driver of a tractor-trailer Gordon A. Newsome and the trucking company Newsome worked for Trans-Carriers, Inc. In their Motion to Exclude, Plaintiffs argue that the Court should not allow certain portions of the testimony of Donald R. Phillips, an engineer and accident reconstructionist retained by Defendants to offer opinion testimony about the accident. Plaintiffs seek to exclude three specific opinions offered by Phillips. First, Phillips opines that Plaintiff "Christopher Johnson

1

may have been on or slightly over the center line of Riverport Road based on his pre-impact steering data provided in the CDR image report from his damaged 2013 Dodge Ram 1500 pickup truck and the configuration of the roadway conditions on Riverport Road in the left west bound lane as well as the observations of Mr. Timothy Cockrell [an eyewitness to the crash]." Plaintiffs argue that Phillips's opinion is not based on sufficient facts or data and is not the product of reliable principles and methods reliably applied to the facts of the case. Second, Phillips opines that Defendant Gordon Newsome "may have reacted by swerving to the left in an attempt to avoid the west bound Johnson Dodge Ram pickup at or over the centerline of Riverport Road and as a result the impact occurred." Plaintiffs argue that Phillips's opinion on this point lacks any analysis or factual basis and would not assist the jury. Finally, Plaintiffs challenge Phillips's opinion that Plaintiff Christopher Johnson's pick-up would have "stopped or nearly stopped before impact" had Johnson been driving at the posted speed limit of 45 miles per hour. Phillips also opined that a reduced speed at impact "would have been greatly reduced thus minimizing the energy of impact and reducing the risk of injury." Plaintiffs argue that Phillips' opinion is a matter of common knowledge and therefore not assist the trier of fact. For all of these reasons, Plaintiffs move to exclude these three specific opinions offered by Phillips.

Defendants have filed a response in opposition. Defendants counter that Phillips's opinions about Johnson's truck crossing the center line and Defendant Newsome swerving as a reaction to Johnson's truck crossing the center line satisfy Federal Rule of Evidence 702. Phillips relied on the mathematical extrapolation of pre-crash data, evaluation of post-crash positioning, utilization of site visits, and eye witness accounts to arrive at these opinions. Defendants assert that Phillips employed the same methodology used by Plaintiffs' own accident reconstructionist; Phillips just reached different conclusions. As such, Phillips' methodology is

2

consistent with general principles of accident reconstruction. Defendants further highlight that Phillips did not offer any definitive opinion about Johnson's vehicle crossing the center line or Newsome's tractor-trailer swerving to avoid Johnson's vehicle. Phillips simply opined that these two possibilities could not be ruled out scientifically. In the final analysis, Plaintiffs' objections go to the weight and credibility of Phillips opinions, matters suitable for cross-examination and a determination by the jury. Defendants go on to argue that Phillips's opinion about the relationship between Johnson's speed at the point of impact and the force of impact are matters within Phillips's expertise as an engineer and accident reconstructionist. According to Defendants, Phillips's opinions are not matters of common knowledge. Plaintiffs' objections to Phillips's testimony about the speed and force of impact are issues for cross-examination. Therefore, Defendants ask the Court to deny Plaintiffs' Motion to Exclude.

## **STANDARD OF REVIEW**

Plaintiffs argue that the opinions offered by Defendants' accident reconstructionist are inadmissible under the Federal Rules of Evidence and *Daubert*. Under Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[1]

"[T]he trial judge has discretion in determining whether a proposed expert's testimony is

---

[1] Fed. R. Evid. 702

admissible based on whether the testimony is both relevant and reliable."[2] The Court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."[3]

The Supreme Court in *Daubert* provided the following non-exclusive list of factors for district courts to consider when evaluating the reliability of an opinion witness's testimony: (1) whether a theory or technique can be and has been tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether, with respect to a particular technique, there is a high known or potential rate of error and whether there are standards controlling the technique's operation, and (4) whether the technique enjoys general acceptance within the relevant scientific, technical, or other specialized community.[4] The *Daubert* factors are not exhaustive and not all of them may apply in every case.[5] In *Kumho Tire*, the Supreme Court explained that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination."[6]

The district court acts as the "gatekeeper" on opinion evidence[7] and must exercise its gatekeeping function "with heightened care."[8] The Court will not exclude expert testimony

---

[2] *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted).

[3] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993).

[4] *Id.* at 592–94.

[5] *Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 445 (6th Cir. 2012).

[6] *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141–42 (1999).

[7] *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 142 (1997).

[8] *United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012) (quoting *Surles, ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 295 (6th Cir. 2007)).

"merely because the factual bases for an expert's opinion are weak."[9] Rule 702 of the Federal Rules of Evidence does not "require anything approaching absolute certainty."[10] Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline."[11] "*Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts on the case at hand, not that they know the answer to all the questions a case presents-even to the most fundamental questions."[12] By the same token, "the knowledge requirement of Rule 702 requires more than subjective belief or unsupported speculation."[13] "Red flags that caution against certifying an expert include reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity."[14]

## ANALYSIS

Plaintiffs raise objections to the admissibility of three distinct portions of Phillips's opinion testimony. The Court considers each objection separately.

---

[9] *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (citations omitted).

[10] *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671–72 (6th Cir. 2010) (citing *Daubert*, 509 U.S. at 590).

[11] *Dilts*, 500 F. App'x at 445 (quoting *Daubert,* 509 U.S. at 592) (internal quotation marks omitted).

[12] *Jahn v. Equine Servs. PSC*, 233 F.3d 382, 390 (6th Cir. 2000) (internal citation omitted).

[13] *Tamraz*, 620 F.3d at 670 (quoting *Daubert*, 509 U.S. at 590).

[14] *Dow v. Rheem Mfg. Co.*, 527 F. App'x 434, 437 (6th Cir. 2013) (citing *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012)).

**I. Johnson's Vehicle Crossing the Center Line**

Plaintiffs first argue that Phillips's opinion about Johnson's vehicle crossing the center line just moments before the collision lacks a factual basis. Plaintiffs specifically argue that Phillips based his opinion on three sets of facts: (1) pre-impact steering data from the crash data recorder; (2) roadway conditions in the west bound lane as Phillips observed them in April 2016; and (3) the testimony of an eyewitness to the accident Timothy Cockrell. The Court finds that Plaintiffs' argument is well founded to the extent that Phillips relied on his own observations of the road more than a year after the accident. Phillips states that he visited the scene of the crash in April 2016 and observed cars traveling the westbound lane cross the center line of the road to avoid damaged sections of the road, to wit, dips and sinkholes in the pavement. Phillips opines then that Johnson may have crossed the center line in the moments before the accident to avoid the same conditions in the roadway. However, Phillips cites no evidence to support his assumption that damage to the road in April 2016 also existed at the time of the collision in March 2015. The Court agrees with Plaintiffs that Phillips reliance on his own observations is speculative and lacks probative value. As such, Phillips' own observations about the roads more than a year after the accident do not sufficiently support his opinion.

As for Cockrell's testimony, Cockrell reported that Johnson's truck did, in fact, cross the center line. But according to Plaintiffs, Cockrell went on to testify that he observed Johnson's truck cross the center line and continue across the two oncoming eastbound lanes before colliding with Newsome's tractor-trailer. In other words, Cockrell saw Johnson's truck veer left as it crossed the center line into the eastbound lanes. Cockrell's eyewitness account seems to be inconsistent with Phillips' opinion as well as with the steering data recorded in Johnson's truck. Phillips opined that Johnson may have crossed the center line while traveling on the inside

6

westbound lane and then swerved right, not left, just before the collision. Phillips interpreted the steering data recovered from Johnson's truck to show that the collision occurred in the far westbound lane, and not in the eastbound lanes as Cockrell testified. The Court is at somewhat of a disadvantage because Plaintiffs have described and cited Cockrell's testimony but have not made the transcript of the testimony part of the record. In any event, the Court finds that it need not make a final determination of the issue because other record evidence supports Phillips's opinion about the possibility of Johnson's truck crossing the center line.

Plaintiffs argue that the steering data and Phillips's extrapolations from that data to suggest that Johnson crossed the center line is speculative. Plaintiffs' argument proceeds as follows. Phillips used the steering data from Johnson's truck to calculate that Johnson's truck traveled 15 feet at a specific angle to the right just before impact. Phillips opined that this data was consistent with a collision in the westbound lanes and noted the opinion of Plaintiffs' expert David Huskey that the collision occurred somewhere in the westbound lanes. In Plaintiffs' view, Phillips merely assumed from these premises that if Johnson's truck traveled at a specific angle 15 feet before impact and the impact occurred in the westbound lanes, it was possible that Johnson's truck was over the center line when Johnson began the sharp 15 foot turn to the right. Plaintiffs point out that there were two westbound lanes, an inside lane 11.5 feet wide and an outside lane 12 feet wide. Without pinpointing where the impact occurred (i.e. the terminus of the 15-foot turn to the right), Phillips could not say where Johnson's truck was when it began the 15-foot turn to the right. Plaintiffs contend then that, Phillips's opinion that Johnson may have been over the center line just prior to turning the steering wheel to a specific angle and traveling about 15 feet before impact lacks foundation.

7

The Court finds that the question presented depends on the proof at trial and would ultimately be a question for the trier of fact. Plaintiffs rightly argue that Phillips has assumed a fact, i.e. the point of the collision, as part of his opinion that Johnson's truck may have crossed the center line just before the collision. However, Phillips reached his assumption based on another fact in the record, Huskey's diagram of the collision. The diagram, which Phillips included in his report, shows that the collision occurred at or near the line between the 11.5-foot wide, inside westbound lane and the 12-foot wide outside westbound lane. Phillips's report states the assumption as follows: "[i]f the General Area of Impact as defined by Plaintiffs' Expert is correct [cites diagram], with the left front of the Johnson Dodge [truck] at or near the dotted white westbound lane striping . . . ."[15] It is true that Huskey described the diagram only as his approximation of "the general area of impact." Even so, if Huskey is correct and the proof shows the collision occurred between the 11.5-foot inside and 12-foot outside, westbound lanes (i.e. around 12 or 13 feet from the center line) and if Phillips is correct that Johnson's truck travelled 15 feet in a sharp turn to the right before the collision, then Phillips's opinion about Johnson crossing the center line before the turn has evidentiary support.

Phillips's assumption of a fact from other evidence in the record, specifically the collision point identified by Huskey in his diagram, is an entirely acceptable approach to opinion testimony. "Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true. It is then up to the party who calls the expert to introduce other evidence establishing the facts assumed by the expert."[16] While an expert may properly assume certain facts to render an opinion, an expert's opinions "must have

---

[15] Phillips Rep. 4 (ECF No. 75-1).

[16] *Williams v. Illinois*, 132 S. Ct. 2221, 2228, 183 L. Ed. 2d 89 (2012).

8

an established factual basis and cannot be premised on mere suppositions."[17] Based on the record before the Court, Phillips's opinion about Johnson's truck crossing the center line is not unduly speculative. Therefore, the Motion to Exclude is **DENIED** as to this issue but without prejudice to revisit the question in light of the proof at trial.

For the same reasons, Plaintiffs' objections to Phillips's opinion about Defendant Gordon Newsome swerving his tractor trailer to the left as a reaction to Johnson's truck crossing the center line must be overruled. Plaintiffs argue that if Phillips' opinion about Johnson crossing the center line lacks foundation, Phillips' opinion about Newsome's reaction to Johnson's truck crossing the center line is also inadmissible. Plaintiffs' Motion to Exclude will be **DENIED** as to this issue but again without prejudice to raise the issue at trial.

## II. Phillips's Opinion About the Effect of Johnson's Speed

Plaintiffs also seek to exclude Phillips's opinion about the effect of Johnson's rate of speed in the moments before the crash. The posted speed limit on the road where the collision occurred was 45 miles per hour. Johnson's truck was traveling at 57 miles per hour 5 seconds before impact and 53 miles per hour 1.5 seconds before impact. Phillips's report contains the following conclusion:

> Had Mr. Johnson Perceived, Reacted, and Attempted to avoid the impact at the same distance (180 to 183 feet away) but been traveling 45 miles per hour instead of 54 miles per hour when he first started his perception and reaction, he would have been stopped or nearly stopped before impact occurred with the right front side of the Trans-Carrier Volvo bobtail tractor thus either avoiding a collision or having only a minor collision as a result, thus reducing the amount of force and energy in the collision event to cause injury.[18]

---

[17] *Rose v. Truck Ctrs., Inc.*, 388 F. App'x 528, 535 (6th Cir. 2010).

[18] Phillips Rep. 3 (ECF No. 75-1).

And in his final conclusion, Phillips opined as follows:

> Furthermore, it is the opinion of National Forensic Engineers, Inc. that Mr. Christopher Johnson was recorded to be traveling between 57 and 53 miles per hour before applying his brakes at 1.3 seconds prior to impact, had Mr. Johnson been traveling at the posted speed limit of 45 miles per hour at the same time period before impact, the final speed at impact would have been greatly reduced thus minimizing the energy of impact and reducing the risk of injury.

Plaintiffs argue that Phillips fails to state any particulars to support his conclusion. Phillips has not defined what he means by Johnson's truck would have been "nearly stopped before impact" and has not shown what the force of impact would have been at the reduced speed. Phillips has also not shown how much the slower speed would have reduced Johnson's injuries. In effect, Phillips has simply opined that collisions at faster speeds present a greater risk of injury than collisions at slower speeds. Plaintiffs contend that such an opinion would not assist the trier of fact.

The Court finds that Phillips has used the data recovered from Johnson's truck to opine that Johnson was speeding before the crash and that Johnson's speed at impact would have been reduced had he been traveling at the speed limit just before he reacted and applied his brakes. The Court holds that Phillips's conclusion, straightforward as it is, is supported in the evidence and would assist the trier of fact. As such, Plaintiffs have not shown why the Court should exclude this part of Phillips's opinion.

However, the Court finds that Phillips' full opinion about the effects of Johnson's speed is more problematic. Phillips cites no evidence to support his claim that Johnson would have avoided a collision or had "only a minor collision" if he had been driving at a slower speed. The critical omission from Phillips's report is the absence of any information about the speed or trajectory of the other vehicle in the crash, Newsome's tractor trailer. Phillips concedes in his report that no data was recovered from Newsome's tractor-trailer and that Newsome himself had

10

no memory of the accident. The only evidence to show Newsome's speed at impact was the fact that his speedometer was stuck at 38 miles per hour. Phillips has not attempted to calculate Newsome's speed at the point of collision or shown that even if Johnson's truck had been traveling at the speed limit, Johnson would have avoided a collision and suffered a minor collision. And there is no evidence cited in Phillips's report about the steering trajectory of Newsome's tractor trailer. Without more, Phillips's opinion that Johnson would have avoided a crash or experienced a much less serious crash is simply too speculative to satisfy Federal Rule of Evidence 702.[19] Therefore, Plaintiffs' Motion to Exclude is **GRANTED in part, DENIED in part** as to this portion of Phillips's opinion.

## CONCLUSION

Plaintiffs' Motion to Exclude is **GRANTED in part, DENIED in part**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 7, 2016.

---

[19] While Phillips did note data from Johnson's truck recording the rearward change in velocity and the lateral impact force, Phillips provided no additional data or calculations to show how a reduced impact speed would result in a lower change in velocity or lower lateral impact.