IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STEPHEN JOHNSON and MELISSA JOHNSON, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 2:15-cv-2533-STA-dkv |
| TRANS-CARRIERS, INC. and GORDON A. NEWSOME, Defendants. | ) ) ) ) | |

**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE REGARDING PLAINTIFF'S MEDICAL BILLS**
**ORDER DENYING AS MOOT DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE GORDON NEWSOME'S DRIVING RECORD AND TICKET HISTORY AND EMPLOYMENT HISTORY**

Before the Court is Defendants Trans-Carriers, Inc. and Gordon A. Newsome's Motion in Limine Regarding Plaintiff's Medical Bills (ECF No. 102), Motion in Limine to Exclude Gordon Newsome's Driving Record and Ticket History (ECF No. 103), and Motion in Limine to Exclude Gordon Newsome's Employment History (ECF No. 104), all filed on October 24, 2016. Plaintiffs Christopher Stephen Johnson and Melissa Johnson have filed written responses to Defendants' Motions. The Court conducted a pretrial conference with counsel for all parties on October 27, 2016, and subsequently granted Defendants' motion to continue the trial on November 15, 2016. A jury trial is now reset for January 9, 2017. For the reasons set forth below, Defendants' Motion in Limine Regarding Plaintiff's Medical Bills is **GRANTED**, and Defendants' other Motions in Limine are **DENIED** as moot.

1

**BACKGROUND**

Plaintiffs' Complaint alleges negligence arising out of a 2015 motor vehicle accident in Memphis, Tennessee. The Complaint names as Defendants the driver of a tractor-trailer, Gordon A. Newsome, and the trucking company Newsome worked for, Trans-Carriers, Inc. In their Motions in Limine, Defendants now ask the Court to exclude certain proof regarding Plaintiff Christopher Stephen Johnson's medical bills as well as proof concerning Defendant Gordon Newsome's driving record and ticket history and employment history. In their written responses to Defendants' Motions, Plaintiffs state that they do not intend to introduce proof in their case-in-chief about Newsome's prior driving record, history of traffic tickets, or his employment with other trucking companies. At the pretrial conference, counsel for Defendants stated that Defendants intended to dismiss Newsome's counterclaims against Plaintiffs. In light of these developments, the Court finds that Defendants' Motions in Limine to exclude proof about Newsome's driving record, ticket history, and employment history are now moot. Therefore, those Motions will be **DENIED**.

Defendants' Motion in Limine Regarding Plaintiff's Medical Bills remains. Defendants argue in support of their Motion that the Court should not allow Plaintiffs to introduce proof of the full amount billed for the medical services and treatment rendered to Plaintiff Christopher Stephen Johnson as a result of injuries he allegedly sustained in the collision. Defendants argue that Plaintiff's proof should be limited to the amounts actually paid by Plaintiff's insurance company, and not the full amounts billed by the medical providers. In the alternative, should the Court allow Plaintiffs to introduce proof of the full amounts, Defendants argue that they should be permitted to introduce proof of the amounts actually paid. Plaintiffs have responded in opposition to Defendants' Motion. Plaintiffs contend that Defendants' approach violates the

collateral source doctrine and improperly introduces proof of Plaintiffs' insurance coverage. Plaintiffs point out that the Tennessee Court of Appeals recently decided in *Dedmon v. Steelman* that a plaintiff is entitled to present evidence of the full amount of his medical expenses and that a defendant then has the opportunity to rebut the reasonableness of the full amounts with proof of the amounts actually paid. Plaintiffs argue that if the jury in this case is to hear proof of the actual amounts paid, then the Court should follow the procedure described in *Dedmon*.

## **ANALYSIS**

The Court holds as it has in prior cases presenting the same issue that proof of the full, non-discounted amounts paid for medical services is not admissible. The parties agree that Tennessee law supplies the law of decision for this issue. In a diversity case, the Court is bound to apply the substantive law of Tennessee as if the action had been brought in the courts of that state.[1] Under the *Erie* doctrine, a federal court must apply the substantive law of a state as it has been determined by the highest court of the state.[2] When the highest court of the state has not answered a particular question of law, the federal court must discern or predict how the state courts would respond if confronted with the same question.[3] The federal court must ascertain from all available data what the law is and apply it.[4]

---

[1] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[2] *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003).

[3] *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*, 740 F.2d 1362, 1365 (6th Cir. 1984); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981).

[4] *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601 (6th Cir. 1985).

Under Tennessee law, a plaintiff must prove that the medical expenses he or she seeks to recover as damages are both "necessary and reasonable."[5] The issue presented in this case is whether Plaintiff may introduce the full, non-discounted amounts of his medical bills in order to prove the reasonable amount of the medical expenses. The Tennessee Supreme Court has addressed this issue but only in the context of hospital liens under the state's Hospital Lien Act.[6] In *West v. Shelby County Healthcare,* "the parties disagreed about the reasonableness of the amount of the [healthcare provider's] charges" for services.[7] The court found the disagreement "understandable because the [healthcare provider] had two versions of its costs—one for [the patients] and their insurance companies and another for the lien and the third-party tortfeasor."[8] The Court held that the healthcare provider's "non-discounted charges . . . should not be considered reasonable charges" for purposes of the Hospital Lien Act.[9] The non-discounted charges were not reasonable because they did not reflect the rate for services in the actual marketplace: few insurers pay the hospital's listed, full charge. Furthermore, healthcare providers further their own economic interest by agreeing to discount charges for patients insured by separate companies. Although *West* specifically concerned the construction of the Tennessee Hospital Lien Act, the Court finds the Tennessee Supreme Court's reasoning illustrative and persuasive.[10]

---

[5] *Borner v. Autry,* 284 S.W.3d 216, 218 (Tenn. 2009).

[6] *See* Tenn.Code Ann. §§ 29–22–101 to 107.

[7] *West v. Shelby County Healthcare*, 459 S.W.3d 33, 44 (Tenn. 2014).

[8] *Id.*

[9] *Id.*

[10] *See also Keltner v. United States,* No. 2:13–cv–2840–STA–dkv, 2015 WL 3688461 (W.D. Tenn. June 12, 2015).

Plaintiffs argue that the application of *West* in the personal-injury context violates the collateral source rule. The collateral source rule is an evidentiary doctrine whereby proof of payment by any collateral source is inadmissible at trial.[11] The Tennessee Supreme Court has explained that "in an action for damages in tort, the fact that the plaintiff has received payments from a collateral source, other than the defendant, is not admissible in evidence and does not reduce or mitigate the defendant's liability."[12] The doctrine is a "substantive rule of law that bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor."[13] But the collateral source rule does not reach the question presented in Defendants' Motion in Limine. The issue is not whether the Court should admit proof that Plaintiffs have received payment for their medical expenses from a collateral source. The issue is whether Plaintiff should be allowed to discharge his burden to prove the reasonableness of his medical expenses with evidence of the full, non-discounted medical charges. Although proof of medical expenses may implicate the collateral source rule,[14] the rule exists to "preclude[] certain deductions against otherwise recoverable

---

[11] *Fye v. Kennedy*, 991 S.W.2d 754, 763 (Tenn. Ct. App. 1998).

[12] *Donnell v. Donnell*, 415 S.W.2d 127, 134 (Tenn. 1967) (abrogated on other grounds by *Dupuis v. Hand*, 814 S.W.2d 340 (Tenn. 1991)).

[13] *J & M, Inc. v. Cupples,* No. E2004–01328–COA–R3–CV, 2005 Tenn.App. LEXIS 301, at *7, 2005 WL 1190704 (Tenn. Ct. App. May 20, 2005) (citing *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994)).

[14] *Dedmon v. Steelman*, No. W2015–01462–COA–R9–CV, 2016 WL 3219070, at *11 (Tenn.Ct.App. June 2, 2016) ("Defendants are permitted to offer proof contradicting the reasonableness of the medical expenses. . . . However, in doing so, they must not run afoul of the collateral source rule.").

damages;" the rule "does not expand the scope of economic damages to include expenses plaintiff never incurred."[15]

Finally, Plaintiffs cite the recent decision of *Dedmon v. Steelman* where the Tennessee Court of Appeals "reject[ed] any assertion that the supreme court meant for its holding in *West,* standing alone, to control all determinations of reasonableness with regard to medical expenses under Tennessee law."[16] The Tennessee Court of Appeals noted its disagreement with this Court's decisions on *West*'s impact on personal injury cases.[17] The Court of Appeals held in a thorough and well-reasoned opinion that "a plaintiff may present the testimony of a physician who testifies that the amount of medical expenses billed or charged to a plaintiff was reasonable" and that a defendant should then be "permitted to offer proof contradicting the reasonableness of the medical expenses" subject to the limits of the collateral source rule.[18] The Tennessee Supreme Court currently has the *Dedmon* decision under review.

While this Court cannot simply ignore *Dedmon* under *Erie* principles,[19] the Court's task here is to predict how the Tennessee Supreme Court would rule on the matter.[20] In light of *West*,

---

[15] *Keltner*, 2015 WL 3688461, at *4 (quoting *Howell v. Hamilton Meats & Provisions, Inc.,* 52 Cal.4th 541, 129 Cal.Rptr.3d 325, 257 P.3d 1130, 1133 (2011)); *see also Hall v. USF Holland, Inc.*, 152 F.Supp.3d 1037, 1041 (W.D. Tenn., 2016).

[16] *Dedmon*, 2016 WL 3219070, at *9.

[17] *Id.* ("At least three federal district court opinions have interpreted *West* as defining the standard of reasonableness for medical expenses in personal injury litigation. *See Smith v. Lopez–Miranda,* No. 15–CV–2240–SHL–DKV, 2016 WL 1083845, at *1–3 (W.D.Tenn. Feb. 10, 2016); *Hall v. USF Holland, Inc.,* No. 2:14–CV–02494, 2016 WL 361583, at *2 (W.D.Tenn. Jan. 12, 2016); *Keltner v. U.S.,* No. 2:13–CV–2840–STA–DKV, 2015 WL 3688461, at *3–5 (W.D. Tenn. June 12, 2015).").

[18] *Id.* at *11.

[19] *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

the Court continues to find that the Tennessee Supreme Court would hold that an injured plaintiff's full, non-discounted medical bills would not represent the plaintiff's reasonable medical expenses. For these reasons, Defendants' Motion in Limine is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 3, 2017.

---

[20] *Hartford Fire Ins.*, 740 F.2d at 1365.